UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JUSTIN W. STAPLETON,

      Plaintiff,

   v.                                                  Case No. 21-C-124

DCO SANTOS, et al.,

      Defendants.

---

## DECISION AND ORDER

---

      Defendant Justin Stapleton, a prisoner at Green Bay Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. On April 26, 2021, the Court screened his complaint and allowed him to proceed on a deliberate indifference claim against two officers who allegedly laughed at him and ignored his cries for help after he slipped in his cell and hit his head. Dkt. No. 11 at 4-5. The Court did not, however, allow him to proceed against a third officer (Cpl Haney) who allegedly refused to move Stapleton to another cell after Stapleton intentionally flooded his cell. *Id*. at 4. The Court explained that while having standing water in one's cell for a few hours may be uncomfortable, "it did not rise to the level of extreme deprivation required to establish an objective violation of the Eighth Amendment." *Id.* (quoting *Smith v. Melvin*, 94 F.3d 647, 1996 WL 467658, at *2 (7th Cir. 1996) (unpublished)).

      On October 13, 2021, Stapleton filed three motions, none of which he signed. The Court reminds Stapleton that, under Fed. R. Civ. P. 11, he must sign every motion he files. In the future, the Court will not consider unsigned motions. The first motion asks the Court to reconsider its decision to dismiss the officer who refused to move Stapleton from his cell after he flooded it.

Stapleton offers no reason why the Court should reconsider its decision; he merely repeats his allegations. These allegations are insufficient to state a claim for the reasons explained in the screening order. Stapleton asserts that he did not receive the screening order, so the Court will send him another copy as a courtesy.

Next, Stapleton asks for an extension of the discovery deadline. He explains that he will be in segregation until December 1, 2021 and that he does not have copies of the interrogatories he must respond to. Stapleton asserts his legal work will be returned to him once he is released from segregation. Discovery is set to close on December 6, 2021. The Court will extend the discovery deadline by thirty days to give Stapleton adequate time to complete discovery after he is released from segregation.

Finally, Stapleton asks the Court to order his institution to give him daily access to a pen. He explains that in segregation inmates can use only a rubber pencil, which bends and breaks. He asserts that he cannot litigate properly, but he does not explain how daily access to a pen will help him litigate. While it may take more time or may be more challenging to write with a rubber pencil, the Court is able to read his submissions without difficulty. Further, federal courts will not interfere in the daily administration of prisons unless there is substantial evidence that the prison has acted disproportionately to correctional needs. *Pell v. Procunier*, 417 U.S. 817, 827 (1974). Stapleton presents no evidence to suggest that requiring inmates to use rubber pencils while in segregation is inconsistent with the institution's essential goals of maintaining security and preserving order and discipline. In any event, the Court has extended the discovery deadline, so Stapleton can use a pen to prepare his responses to Defendants' discovery requests after he is released from segregation. Stapleton should keep Defendants informed of the challenges he is facing and why he requires additional time to respond to their requests.

2

Case 1:21-cv-00124-WCG    Filed 10/18/21    Page 2 of 3    Document 39

**IT IS THEREFORE ORDERED** that Stapleton's motion to add Defendant Cpl Haney to the case (Dkt. No. 36) and his motion to order institution staff to allow him to use a pen (Dkt. No. 38) are **DENIED**.

**IT IS FURTHER ORDERED** that Stapleton's motion for an extension of time to complete discovery (Dkt. No. 37) is **GRANTED**. The discovery deadline is **EXTENDED** to **January 6, 2022**, and the dispositive motion deadline is **EXTENDED** to **February 7, 2022**.

The clerk's office will enclose a courtesy copy of the Court's screening order (Dkt. No. 11) along with this decision.

Dated at Green Bay, Wisconsin this  18th  day of October, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
