UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

JUSTIN W. STAPLETON,

        Plaintiff,

      v.                                    Case No. 21-C-124

DCO SANTOS, et al.,

        Defendants.

─────────────────────────────────────────────

## DECISION AND ORDER

─────────────────────────────────────────────

      Defendant Justin Stapleton, a prisoner at Green Bay Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. On April 26, 2021, the Court screened the complaint and found that Stapleton failed to state a claim against an officer who allegedly refused to move Stapleton to another cell after he intentionally flooded his cell. Dkt. No. 11 at 4. On October 13, 2021, Stapleton filed a motion to re-add the officer as a defendant. Dkt. No. 36. The Court denied the motion on October 18, 2021. Dkt. No. 39. A few days later, Stapleton filed a "Motion to Appeal the Denial of adding Cpl. Haney to the case." Dkt. No. 40. Because Stapleton fails to state a claim against Haney, the Court will deny his motion.

      As an initial matter, it is unclear whether Stapleton's motion is directed to this Court or if he is attempting to file a notice of appeal. Under Fed. R. Civ. P. 54, the Court may revise at any time before final judgment any order that adjudicates fewer than all the claims in an action. Because final judgment has not been entered in this case, Stapleton's motion is properly before this Court. On the other hand, it is unlikely that the appellate court would consider an appeal at this stage of the case because a screening order that dismisses only some defendants and claims

from the case is not an appealable "final" decision. *See e.g. Buchanan v. Weaver*, No. 12-CV-408-WMC, 2014 WL 12657188, at *1 (W.D. Wis. Feb. 4, 2014). In nearly all cases, a plaintiff will have to wait until the Court enters a final judgment resolving the entire case before he may appeal a dismissal in a screening order. Further, the Seventh Circuit has directed that the filing of a notice of appeal requires the immediate payment of the $505 appellate docketing fee. Because it is unclear whether Stapleton appreciates the consequences of filing a notice of appeal at this stage, the Court will construe his motion as one for reconsideration.

As the Court already explained to Stapleton in the Screening Order, Dkt. No. 11, "[t]o state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer*, 511 U.S. at 837). Courts evaluate the risk an inmate faces on an objective basis; that is, "the allegedly dangerous prison condition must deprive an inmate of the 'minimal civilized measures of life's necessities.'" *Id*. (citing *Farmer*, 511 U.S. at 834).

In his motion, Stapleton asserts that Haney leaving toilet water in his cell for a few hours posed an excessive risk to his health and safety because toilet water contains bacteria and traces of human waste. He also notes that he had to sit on his bed and was unable to use the bathroom, which is a basic human need. Finally, he notes that it could have taken eight to twelve hours to dry and even then he would have been exposed to the risk of infection.

First, Stapleton's motion clarifies that clean toilet water flooded his cell and that he was able to sit on his bed to remain dry. Although he had to wait to use the restroom (or walk through the water to get to the toilet), "the Constitution does not require that prisoners be comfortable." *Delaney v. DeTella*, 256 F.3d 679, 682-83 (7th Cir. 2001). And while having standing water in

one's cell is unpleasant, the inconvenience to Stapleton was only temporary. *See Cunningham v. Eyman*, 17 F. App'x 449, 454, 2001 WL 939091 at **4 (7th Cir. 2001) (unpublished) (finding that spending sixteen hours in shackles and four to five hours in clothing soiled with the prisoner's own waste was not a sufficiently serious constitutional deprivation); *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (temporary neglect of one prisoner's hygienic needs, including no toilet paper for five days, is insufficient to establish an Eighth Amendment violation). In short, Stapleton fails to allege that he suffered a sufficiently serious constitutional deprivation, so the Court will deny his motion for reconsideration.

**IT IS THEREFORE ORDERED** that Stapleton's motion to appeal, Dkt. No. 40, which this Court construes as a motion for reconsideration, is **DENIED**.

Dated at Green Bay, Wisconsin this   26th   day of October, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge