UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN W. STAPLETON,

      Plaintiff,

      v.                        Case No. 21-C-124

DCO SANTOS, et al.,

      Defendants.

**DECISION AND ORDER**

Plaintiff Justin Stapleton is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself. On January 3, 2022, he filed a motion asking the Court to compel Defendants to produce video footage from a four-hour period on June 14, 2020. The following day, he filed a motion seeking the names of all the inmates who were housed on his cellblock along with their current contact information. He also filed a motion asking the Court to prohibit Defendants from using certain evidence to support their motion for summary judgment. The Court will deny the motions.

With regard to the motion to compel production of video footage, it is unclear whether Stapleton sought production of the video in discovery as permitted under Fed. R. Civ. P. 34. It is also unclear if there is a video. It may be that no video of that area of the jail exists or that, if a video did exist, it was written over in the normal course of business. Defendants cannot produce a video that they do not have. Further, even if Stapleton did properly serve a discovery request and even if there is a video, Civil L. R. 37 requires that, before filing a motion to compel, a party first discuss its dispute with the opposing party's lawyer. And, if they cannot work out the dispute

and the party files a motion to compel, the party must include a certification in his motion that he first tried to informally resolve his concerns without the Court's intervention. Stapleton's motion does not include the required certification, suggesting that he asked the Court to get involved before attempting to informally resolve his dispute with Defendants' counsel. As such, the Court will deny the motion.

For similar reasons, the Court will also deny his motion seeking the names and contact information of other inmates he was housed near while at the jail. This is information that Stapleton could have sought in discovery, which, the Court notes, closes this week. As with the video footage, it is possible that Defendants do not have this information, as it is unlikely that they maintain records of who was housed where within the jail or that they track current contact information of former inmates. Defendants are not required to produce information they do not have. In any event, Stapleton fails to certify that he tried to informally resolve this dispute with Defendants' counsel before filing his motion as required by Civil L. R. 37.

Finally, the Court will deny Stapleton's motion to prohibit Defendants from filing certain evidence in support of their summary judgment motion. Stapleton raises his concern that Defendants may try to use evidence to "make [him] look bad in front of a jury." Dkt. No. 46. Summary judgment motions are decided by the Court, not a jury. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts do not consider the credibility of witnesses at the summary judgment stage, so Stapleton's concerns about Defendants trying to "make [him] look bad" are unfounded. *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

In responding to a motion for summary judgment filed by Defendants, if one is filed, Stapleton may rely on evidence such as documents as well as tell the Court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746. An unsworn declaration is a way for a party to tell his side of the story while declaring to the Court that everything in the declaration is true and correct. If Stapleton prepares a declaration, he must include the following certification: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." *See* 28 U.S.C. §1746(2). In short, Stapleton will have an opportunity in his response materials to explain why he thinks whatever evidence Defendants rely on is irrelevant or improper. Accordingly, the Court will deny his motion to suppress.

**IT IS THEREFORE ORDERED** that Stapleton's motion for an order requiring Defendants to produce video footage (Dkt. No. 44), his motion for protective order (Dkt. No. 45), and his motion to suppress certain evidence (Dkt. No. 46) are **DENIED**.

Dated at Green Bay, Wisconsin this __5th__ day of January, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
