UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN W. STAPLETON,

        Plaintiff,

       v.                                                     Case No. 21-C-124

DCO SANTOS, et al.,

        Defendants.

## DECISION AND ORDER

    Plaintiff Justin Stapleton is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself. He is proceeding on a deliberate indifference claim against two officers who allegedly laughed at him and ignored his cries for help after he slipped in his cell and hit his head. On June 7, 2021, the Court entered a scheduling order setting a discovery deadline of November 4, 2021 and a dispositive motion deadline of December 6, 2021. In the order, the Court briefly explained the discovery process, highlighting that parties must serve their discovery requests sufficiently early so that the responding party has sufficient time to respond by the deadline. Dkt. No. 19 at 1. The Court also explained that a party must serve its requests on the opposing party and should not file them with the Court. *Id.* On August 2, 2021, Stapleton filed discovery requests with the Court. That same day, the Court sent Stapleton a notice regarding discovery, again explaining the discovery process and instructing him to serve his "discovery requests on counsel for the defendants by mail or other means of delivery." Dkt. No. 29. On September 10, 2021, at Stapleton's request, the Court extended the discovery deadline to December 6, 2021 and the dispositive motion deadline to January 6, 2022. Dkt. No. 35. On

October 18, 2021, again at Stapleton's request, the Court extended the discovery deadline to January 6, 2022 and the dispositive motion deadline to February 7, 2022. Dkt. No. 39. Discovery is now closed.

On January 10, 2022, Stapleton filed a motion to stay discovery. Dkt. No. 51. He explains that he "needs to get video footage of the incident" and he also needs the names and contact information of other inmates who were housed near him during the incident. He further explains that when he filed a request for the video and contact information on January 3, 2022, he meant for that request to be directed to Defendants, not the Court. That same day, Stapleton filed his second set of interrogatories and requests for the production of documents. Dkt. No. 52. The next day, on January 11, 2022, Stapleton filed a motion asking the Court to reconsider its January 7, 2022 denial of his request to extend the discovery deadline, a motion for an order to obtain a declaration from an alleged witness who is now an inmate at another institution, a motion for an order allowing him to depose Defendants and an alleged witness, and a motion asking the Court to consider his magistrate judge jurisdiction form. Dkt. Nos. 53-56.

The Court will deny Stapleton's motions. As noted, the Court has already twice extended the discovery deadline at Stapleton's request. Discovery, which was opened in June 2021, is now closed. Stapleton provides no explanation why he waited so long to seek the information he highlights in his motion. Further, while he states at various times in his motions that Defendants have not responded to his discovery requests, it appears that their lack of response is Stapleton's fault, not Defendants' fault. Despite the Court explaining the discovery process to Stapleton multiple times, including how to properly serve Defendants with his requests, Stapleton repeatedly filed his requests with the Court. Thus, it appears that Stapleton failed to properly serve Defendants with his requests. The Court understands that Stapleton is representing himself and

that he has limited knowledge of how litigation works, but that does not excuse him ignoring repeated instructions from the Court. Stapleton did not properly serve his requests when he filed them with the Court, and the requests he filed on January 3 and January 10 were untimely even if they had been properly served. Defendants are under no obligation to respond to improperly served or untimely requests.

Stapleton's remaining motions are also without merit and would be denied even if discovery were open. The Court cannot compel a witness to provide Stapleton with a declaration, nor will the Court excuse Stapleton from complying with Fed. R. Civ. P. 30 should he seek to depose Defendants. Courts cannot finance a party's discovery, nor can they place the financial burden of discovery on non-party individuals or on the opposing party. *See Nail v. Gutierrez*, Case No. 06-cv-292, 2007 WL 425535 at *1 (N.D. Ind. Nov. 30, 2007) (unpublished) (". . . 28 U.S.C. §1915 does not authorize the expenditure of public funds for deposition costs; indeed, that statute does not relieve a pro se prisoner proceeding in forma pauperis from paying any of his discovery costs") (citations omitted).

As the Court previously explained to Stapleton, summary judgment rises or falls on whether or not there is a dispute of fact. Stapleton knows the facts concerning his case. When responding to Defendants' summary judgment motion (assuming they file one), Stapleton may rely on evidence such as documents, or he may relate his own version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746. An unsworn declaration is a way for a party to tell his side of the story while declaring to the Court that everything in the declaration is true and correct. If Stapleton prepares a declaration, he must include the following certification: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." *See* 28 U.S.C. §1746(2). The Court does not make credibility determinations when

3

Case 1:21-cv-00124-WCG   Filed 01/14/22   Page 3 of 4   Document 57

deciding whether a party is entitled to summary judgment, so if Stapleton has first-hand knowledge of what happened, witness statements corroborating his version are unnecessary to create a genuine dispute of fact.

Finally, the Court received Stapleton's magistrate jurisdiction form on February 24, 2021. However, both parties must consent to a magistrate judge's jurisdiction before the Court will consider whether to reassign an action to a magistrate judge. Both parties have not consented, so the Court will deny Stapleton's motion to reassign this action to a magistrate judge.

**IT IS THEREFORE ORDERED** that Stapleton's motion for an order to stay discovery (Dkt. No. 51), his motion for reconsideration (Dkt. No. 53), his motion for an order to obtain a declaration (Dkt. No. 54), his motion for an order allowing him to depose Defendants (Dkt. No. 55), and his motion to consider his magistrate jurisdiction form (Dkt. No. 56) are **DENIED**.

Dated at Green Bay, Wisconsin this __14th__ day of January, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
